NOT FOR PUBLICATION

RECEIVED
JAN 23 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEE ARGUSH,<br><br>        Plaintiff,<br><br>v.<br><br>LPL FINANCIAL, LLC, LPL HOLDINGS INC., ANDREW PUTTERMAN, and FORTIGENT, LLC,<br><br>        Defendants. | Civ. No. 13-7821 |
| ALAN GAVORNIK,<br><br>        Plaintiff,<br><br>v.<br><br>LPL FINANCIAL, LLC, LPL HOLDINGS INC., ANDREW PUTTERMAN, and FORTIGENT, LLC,<br><br>        Defendants. | Civ. No. 14-955<br>(consolidated for pretrial purposes) |
| NICHOLAS MARINELLO,<br><br>        Plaintiff,<br><br>v.<br><br>LPL FINANCIAL, LLC, LPL HOLDINGS INC., ANDREW PUTTERMAN, and FORTIGENT, LLC,<br><br>        Defendants. | Civ. No. 14-956<br>(consolidated for pretrial purposes)<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the motion to strike Plaintiffs' Expert Reports brought by Defendants in the above-captioned consolidated cases, LPL Financial, LLC and LPL Holdings, Inc. (collectively, "Defendants"). (ECF No. 125).[1] Plaintiffs Lee Argush, Alan Gavornik, and Nicholas Marinello (collectively, "Plaintiffs") oppose. (ECF No. 132). The Court has decided the motion based on the written submissions of the parties pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendants' motion will be granted.

## BACKGROUND

The facts of these cases are well known to the parties and need not be recited at length here. This case arises out of an employment dispute between the three named Plaintiffs and Defendant LPL Financial. Plaintiffs Argush, Gavornik and Marinello are former employees of LPL Financial. LPL Holdings is the parent company of LPL Financial. All three Plaintiffs had their employment terminated by LPL Financial in 2013. The main issue is whether each of the three Plaintiffs were validly terminated "for cause."

On August 5, 2014, this Court granted in part Defendants' motion to dismiss in each of the three cases.[2] (Civ. No. 13-7821, ECF No. 22; Civ. No. 14-955, ECF No. 20; Civ. No. 14-956, ECF No. 20). Additionally, on August 24, 2016, this Court granted Defendants' Motion to Dismiss Count Four of Plaintiffs' respective Complaints, which sought a declaratory judgment that Plaintiffs' restrictive covenants were null and void. (Civ. No. 13-7821, ECF No. 110). As a result, in each case, Plaintiff has two remaining claims against Defendants: Breach of Employment Agreement and Breach of Contract.

---

[1] Unless otherwise noted, all citations to the docket in this opinion are made to Civ. No. 13-7821.
[2] The Court dismissed each of the Plaintiffs' claims for: (1) violation of the Conscientious Employee Protection Act ("CEPA"); and (2) tortious interference. The Court also dismissed Plaintiff Argush's claims for breach of the covenant of good faith and fair dealing and conversion.

2

The deadline for the completion of fact discovery in these cases was June 16, 2016. (ECF No. 74). The deadline for filing dispositive motions was July 8, 2016. (*Id.*). On July 19, 2016, Plaintiffs served three expert reports on Defendants which opine on economic losses claimed by each Plaintiff as a result of the alleged breaches of contract. (Decl. Of Jakob B. Halpern, Exs. A–C, ECF No. 125-3) ("Plaintiffs' Expert Reports"). Defendants previously filed an application to strike Plaintiffs' expert reports before the Magistrate Judge. (ECF No. 107). The Magistrate Judge denied the application without prejudice and directed that it be refiled and heard before the District Court. (ECF No. 117). Defendants thereafter filed the instant motion to strike these expert reports. (ECF No. 125). Therefore, Defendants' motion to strike Plaintiffs' expert reports is currently before the Court.

## DISCUSSION

Defendants argue that a large portion of Plaintiffs' expert reports should be stricken as irrelevant inasmuch as the reports opine on damages that cannot be recovered as a matter of law. Because the Court finds Defendants' first argument to be dispositive, Defendants' other arguments need not be addressed.

While the admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, one of the fundamental requirements of expert testimony is "relevance," which should be evaluated under the standard expressed in Fed. R. Evid. 401. *United States v. Ford*, 481 F.3d 215, 218 (3d Cir. 2007). Federal Rule of Evidence 401 states that evidence is relevant if it has any tendency to make a fact of consequence in determining an action more or less probable than it would be without the evidence. Fed. R. Evid. 401.

Here, a large portion of Plaintiffs' expert reports opine that front pay damages—lost future earnings that Plaintiffs might have made if their employment with LPL Financial was

3

never terminated—may be recoverable as a result of Defendants' alleged breach of contract. (*See* Plaintiffs' Expert Reports, ECF No. 125-3, Ex. A at 2-24; Ex. B at 2-25; Ex. C at 2-25). Defendants argue that if Plaintiffs were to ultimately prevail at trial, they would be entitled to the damages set forth in the contracts at issue in these cases, specifically the severance benefits set forth in the offer letters signed by each of the three Plaintiffs and the cancelled stock options set forth in the documents governing LPL equity grants. (Defs.' Mot., ECF No. 125-1 at 4). However, Defendants claim that Plaintiffs' expert reports opine that Plaintiffs may also be entitled to damages in the form of front pay damages which would greatly increase each of the Plaintiffs' potential damages in theses cases from several hundred thousand dollars per plaintiff to $7.0-8.2 million dollars per plaintiff. (*Id.* at 4–5).

In the cases before this Court, many of the Plaintiffs' claims, including each of the Plaintiffs' CEPA claims, have been dismissed. As a result, the only remaining claims are for breach of employment agreement and breach of contract. (Civ. No. 13-7821, ECF Nos. 22, 110; Civ. No. 14-955, ECF No. 20; Civ. No. 14-956, ECF No. 20). Plaintiffs do not dispute that they were at-will employees, and as such, could have been terminated at any time with or without cause. (*See* ECF No. 125-4, Ex. M at 3; Ex. N. at 3; Ex. O at 3). The authorities that Plaintiffs cite to support their claim for front pay are distinguishable in that they either are not relevant or included claims for discrimination, retaliatory discharge or promissory estoppel. *See, e.g., Quinlan v. Curtiss-Wright* Corp. 425 N.J. Super 335, 366 (App. Div. 2012) (finding that employees may still collect front pay in a New Jersey Law Against Discrimination case); *Maxfield v. Sinclair Int'l.*, 766 F.2 788, 795–96 (3d Cir. 1985) (finding that front pay damages are permissible in a federal ADEA claim). Tellingly, Plaintiffs do not cite any authority, which stands for the proposition that an at-will employee can receive front pay damages on a breach of contract theory under New Jersey law.

4

Notwithstanding Plaintiffs' lack of authority, Plaintiffs argue that such front pay damages could still possibly be within the mutual legitimate expectation interest of the parties to these contracts. (Pls.' Opp'n at 9, ECF No. 132). Given the contractually-defined severance benefits in the contracts at issue here, the Court finds Plaintiffs' argument unavailing. Therefore, the Court is persuaded that a large portion of Plaintiffs' expert reports opine on economic losses in the form of front pay damages that are not recoverable under Plaintiffs' remaining claims. As a result, those sections of Plaintiffs' expert reports are irrelevant. They must be stricken and not considered in these cases.

## CONCLUSION

For the reasons discussed above, Defendants' motion will be granted. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: 1/23/17